816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William D. CALLAHAN, Plaintiff-Appellant,
v.
AMERICAN PACKAGING CORPORATION; American Packaging, Inc.;
American Packaging Corp., Defendant-Appellee.
 No. 86-1586.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1987.
Decided April 10, 1987.
 
 Before SPROUSE and ERVIN, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 David F. Albright, Sr. (Harry M. Rifkin; Semmes, Bowen & Semmes, on brief), for appellant.
 John Henry Lewin, Jr. (Kathleen M. McDonald; Venable, Baetjer & Howard, on brief), for appellees.
 PER CURIAM:
 
 
 1
 William D. Callahan appeals from the district court's dismissal of his breach of contract action against American Packaging Corporation (APC), American Packaging, Inc. (API), and American Packaging Corp. (APCorp). We affirm.
 
 
 2
 In 1979 Callahan was a sales agent for Wagaman Brothers Printers, Inc.--a specialty and commercial printing company. Wagaman's business included the printing of greeting cards, and Callahan was its principal greeting card sales agent. On June 19, 1979, Callahan and Wagaman entered into a ten-year agreement, the purpose of which was as follows:
 
 
 3
 Callahan has been in the greeting card business for over 25 years and has developed the entire greeting card business of Wagaman. He wishes to provide a method to preserve this business and to establish a procedure which would enable Wagaman to continue the business while recognizing Callahan's contributions to it.
 
 
 4
 Under the terms of the agreement, Callahan was to receive commissions for his greeting card sales. He also was to receive death, disability and retirement benefits, which were to be funded by his commissions. In return, Callahan promised not to compete against Wagaman in the greeting card business. Nothing in the agreement, however, required Callahan to sell greeting cards or required Wagaman to print greeting cards to fill Callahan's orders. Nor did the agreement address the consequences if Wagaman went out of business.
 
 
 5
 In 1981 Wagaman was acquired by a subsidiary of API. On February 5, 1982, Wagaman changed its name to American Packaging Corp. (APCorp). The name change, however, was only a formality. APCorp continued to engage in commercial and specialty printing, including the printing of greeting cards. Unfortunately, APCorp (formerly Wagaman) lost $3.7 million during the first eighteen months after its acquisition by API's subsidiary. As a result of these losses, APCorp closed in March 1983. Prior to closing, APCorp filled all of Callahan's outstanding greeting card orders and paid him all commissions. It refused, however, to fill any future orders or to pay any additional money.
 
 
 6
 Callahan then instituted this action against APC, API and APCorp, claiming APCorp's closing was a breach of contract. Each defendant moved for dismissal on the ground that Callahan's complaint failed "to state a claim upon which relief [could] be granted." Fed.R.Civ.P. 12(b)(6). The district court agreed with the defendants and dismissed Callahan's complaint.
 
 
 7
 On appeal, Callahan argues that his agreement with Wagaman/APCorp contained a promise by the company that it would continue to produce greeting cards for the duration of the contract. In a well-reasoned opinion, the district court concluded that the agreement contained no such promise, either express or implied. We therefore affirm the dismissal on the reasoning of the district court.[1] Callahan v. American Packaging Corporation, C/A No. M-84-1 (D.Md., Sept. 12, 1986).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The district court also concluded that it lacked in personam jurisdiction over APC and API. Since we hold that the district court properly dismissed Callahan's claim against all three defendants under Rule 12(b)(6), we need not address this issue